NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TONYA C., *Appellant,*

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, D.C., *Appellees.*

No. 1 CA-JV 13-0286
FILED 4-15-2014

Appeal from the Superior Court in Maricopa County
No. JD509843
The Honorable David J. Palmer, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Erika Z. Alfred
*Counsel for Appellee ADES*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Michael J. Brown joined.

---

**C A T T A N I**, Judge:

¶1        Tonya C. ("Mother") appeals from the superior court's order terminating her parental rights as to one of her children. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        D.C., born in September 2004, is Mother's biological son. D.C.'s father is deceased. The Arizona Department of Economic Security ("ADES") took D.C. into custody in January 2012 after Mother was temporarily jailed.[1]

¶3        ADES offered Mother reunification services, including parent aide services, visitation, drug testing, drug treatment, psychological and psychiatric evaluations, and individual counseling. Mother completed parent aide services, but did not fully comply with supervised visitation requirements, often canceling or failing to attend visits and acting in a confrontational manner when she did attend.

¶4        Mother failed to consistently submit to drug testing or regularly participate in drug treatment programs. Although Mother initially stated that she had never used drugs, she subsequently admitted testing positive twice for methamphetamines, being arrested for marijuana possession, and using cocaine daily for a period of years. Mother eventually completed a drug treatment program, although it took her nearly eight months to complete the 12-week program.

---

[1]        ADES concurrently took Mother's two older children into care. After severance as to D.C., the superior court appointed a Title 8 permanent guardian for the older children. This appeal concerns only the termination of Mother's parental rights as to D.C., not the subsequent guardianship order.

**¶5** Of more than 140 random urinalysis tests required from January 2012 through July 2013, Mother attempted to provide a sample only 57 times (and, of those attempts, failed to actually provide a sufficient sample seven times). She tested positive twice for methamphetamines and once for alcohol. Mother stopped testing entirely in December 2012, although she was aware of her continued obligation to do so as a requirement for reunification with D.C.

**¶6** ADES also referred Mother for a hair follicle drug test, which she failed to complete. Although Mother testified that she had submitted to hair follicle testing with different laboratories in January and August 2013, she failed to provide ADES with a release to access the January results and failed to establish the authenticity of the August test results that she claimed showed she was drug free.

**¶7** Mother's psychological and psychiatric evaluators recommended individual counseling. Although ADES referred Mother for counseling, Mother attended only seven of 14 scheduled sessions, and the referral was closed for non-compliance.

**¶8** In April 2013, ADES moved to terminate Mother's parental rights as to D.C. on grounds of substance abuse and 15 months' time in care. After a two-day contested severance hearing, the superior court terminated Mother's parental rights on both grounds.

**¶9** Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 8-235.[2]

## DISCUSSION

**¶10** Mother argues that there was insufficient evidence to support severing her parental rights based on substance abuse and 15 months' time in care. Mother also argues that the court erred by finding that ADES made reasonable efforts to provide appropriate reunification services.

**¶11** The superior court may terminate the parent–child relationship only if clear and convincing evidence establishes at least one statutory ground for severance. A.R.S. § 8-533(B). The court must also

---

[2] Absent material revisions after the relevant date, we cite a statute's current version.

find that a preponderance of the evidence establishes that severance is in the child's best interests. *Id.*; *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22, 110 P.3d 1013, 1018 (2005). We review the superior court's severance order for an abuse of discretion, viewing the evidence in the light most favorable to sustaining the court's findings and accepting the court's factual findings unless clearly erroneous. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8, 83 P.3d 43, 47 (App. 2004); *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2, 181 P.3d 1126, 1128 (App. 2008). We similarly defer to the superior court's credibility judgments. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4, 53 P.3d 203, 205 (App. 2002).

¶12 The statutory ground for severance due to substance abuse requires proof "[t]hat the parent is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol and [ ] reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." A.R.S. § 8-533(B)(3). Severance under § 8-533(B)(3) also requires a showing that ADES provided the parent with adequate reunification services. *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 192, ¶ 34, 971 P.2d 1046, 1053 (App. 1999).

¶13 Mother argues that the superior court erred in assessing the likelihood she would continue using drugs for a prolonged indeterminate period. Mother points in particular to evidence that she submitted 46 negative urinalysis tests in 2012 and completed two negative hair follicle tests in 2013. But the evidence established Mother's history of chronic drug use, including near daily cocaine use for several years, at least until approximately 2009. The record also shows that Mother was arrested for marijuana possession in 2011 and twice tested positive for methamphetamines in early 2012.

¶14 The superior court acknowledged that Mother last tested positive for drugs or alcohol in March 2012, and that the urinalysis tests she completed thereafter through December 2012 were uniformly clean. The court noted, however, that Mother tested only sporadically, missing approximately 90 of the over 140 required tests and failing to test at all during 2013. Mother admitted that she understood her obligation to submit to testing, that the court never relieved her of that obligation, and that reunification with D.C. was at stake, but she nevertheless "opted out" of testing. Moreover, Mother was aware that missed or diluted tests would be considered positive and could not be used to prove a period of sobriety.

**¶15**  Mother argues that two negative hair follicle drug tests in 2013 establish her sobriety. But, although Mother testified that she tested negative in a hair follicle test completed at a different laboratory in January 2013, she never released the results of the test to ADES. Mother also presented a document purporting to be negative hair follicle test results from another laboratory in August 2013, but she failed to provide foundation or authentication for that document. Mother's testimony was thus the only evidence substantiating these alleged negative hair follicle results. The superior court expressly found Mother's testimony not to be credible in light of her often-changing explanations of substance abuse and other issues, and we defer to the court's credibility determination. *See Jesus M.*, 203 Ariz. at 280, ¶ 4, 53 P.3d at 205.

**¶16**  Mother also takes issue with the superior court's finding that ADES made reasonable efforts to provide appropriate reunification services. ADES complied, however, with the recommendations of Mother's psychological and psychiatric evaluations by referring Mother for individual counseling. In 2012, Mother attended four counseling sessions in October, but she only attended one session in November and one in December, and she did not attend or call in for any scheduled sessions in January, 2013. Although ADES closed Mother's counseling referral, it did so because of Mother's substantial non-participation. Closure due to non-compliance does not represent a failure by ADES to provide appropriate services.

**¶17**  Moreover, the therapist expressed a willingness to reopen the referral if Mother was "willing and able to attend regularly," but Mother indicated that "it would probably be a waste of both of our time because I'm not willing to talk to anyone who works under CPS." ADES is not obligated to provide reunification services that would be futile. *Mary Ellen C.*, 193 Ariz. at 192, ¶ 34, 971 P.2d at 1053.

**¶18**  We conclude that ample evidence supported the superior court's finding that severance was warranted based on substance abuse under A.R.S. § 8-533(B)(3). In light of that conclusion, we need not address the additional ground of 15 months' time in care. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27, 995 P.2d 682, 687 (2000).

## CONCLUSION

¶19       The severance order is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: MJT